UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LARRY DARALL COLE,

        Petitioner,

v.                                                            Case No. 2:05-cv-262
                                                              HON. ROBERT HOLMES BELL

LINDA METRISH,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

        Petitioner Larry Darall Cole filed this petition for writ of habeas corpus challenging the validity of his state court conviction for extortion, assault with a dangerous weapon, and malicious destruction of property. Petitioner was convicted after a jury trial and on August 20, 2001, was sentenced to prison terms of 45 months to 25 years on the extortion conviction, 15 months to 4 years on the assault conviction, and 93 days on the malicious destruction of property conviction.

        Petitioner maintains that his convictions were obtained in violation of his federal rights. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

Petitioner has raised the following issues in his petition:

I. Petitioner should not have been subject to MCR 6.508(D)(3) because petitioner did establish good cause and actual prejudice within his brief.

II. Petitioner was denied the right to the effective assistance of counsel by trial counsel's negligence and prejudicial errors of conducting no pre-trial investigation, in violation of the Michigan Constitution 1963, Article I, Sections 17 & 20, and the United States Constitution Sixth and Fourteenth Amendments.

III. Petitioner was denied effective assistance of appellate counsel by counsel's failure to investigate and present meritorious issues, now re-argued within this brief, violating the Michigan and United States Constitutions.

IV. The evidence was insufficient to sustain a conviction for extortion.

V. The trial court erred in allowing admission of a stick, which was alleged to have been used in the assault.

VI. Petitioner was denied the effective assistance of counsel.

VII. The trial court erred in sentencing the petitioner.

Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district

court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This

presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Respondent argues that petitioner procedurally defaulted his claims in the Michigan courts barring federal review. Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals claiming:

> I. The evidence was insufficient to sustain a conviction for extortion. The threat in the instant case was minor and did not rise to the level of harm contemplated by the legislature.
>
> II. The trial court erred in allowing admission of a stick, which was alleged to have been used in the assault. The evidence was unduly prejudicial and therefore denied defendant the fundamental right to a fair trial.
>
> III. Defendant was denied the effective assistance of counsel. Trial counsel failed to challenge the jury array or adequately voir dire the jury.
>
> IV. The trial court erred in sentencing the defendant. The trial court failed to set forth reasons for the sentence imposed and accepted an incorrect score by probation.

Petitioner's motion was denied by the Michigan Court of Appeals and his leave to appeal to the Michigan Supreme Court was rejected as untimely. Petitioner filed a motion for relief from judgment in the trial court raising the issues presented in his petition for writ of habeas corpus. That motion was denied. The Michigan Court of Appeals and the Michigan Supreme Court rejected petitioner's appeals under MCR 6.508(D).

When a state-law default prevents further state consideration of a federal issue, the federal courts are ordinarily precluded from considering that issue on habeas corpus review. *See Ylst v. Nunemaker*, 501 U.S. 797, 801 (1991); *Engle v. Isaac*, 456 U.S. 107 (1982). The Sixth Circuit applies a four-part test to determine whether a claim is procedurally defaulted: (1) the court must first determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the state procedural rule; (3) the default must be an "independent and adequate" state ground on which the state can rely to foreclose review of a federal constitutional claim; and (4) if the foregoing are met, the petitioner must demonstrate cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error. *Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Greer v. Mitchell*, 264 F.3d 663, 672 (6th Cir. 2001). There may be an "exceptional case in which exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question." *Lee v. Kemna*, 122 S.Ct. 877, 878 ( 2002). A petitioner may also excuse a default by making a colorable claim of innocence; that is, he has shown that any constitutional error "probably" resulted in the conviction of one who was actually innocent. *Schlup v. Delo*, 513 U.S. 298, 322 (1995) (citing *Murray v. Carrier*, 477 U.S. 478, 495 (1986)). This exception is reserved for a very narrow class of cases, based on a claim of "new reliable evidence." *Schlup*, 513 U.S. at 315, 324.

When a petitioner has procedurally defaulted in the state courts, the federal habeas court will only entertain the defaulted issue if the petitioner can show "cause" for the procedural default and "actual prejudice" as result of the alleged federal violation or can show actual innocence. *Coleman v. Thompson*, 501 U.S. 772, 750 (1991); *Murray*, 477 U.S. at 485; *Lucas v. O'Dea*, 169

F.3d 1028, 1033 (6th Cir. 1999); *Rust v. Zent*, 17 F.3d 155, 160-1 (6th Cir. 1994). To show cause sufficient to excuse a failure to raise claims on direct appeal, petitioner must point to "some objective factor external to the defense" that prevented him from raising the issue in his first appeal. *Murray*, 477 U.S. at 488; *see McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

Petitioner asserts that ineffective assistance of counsel caused his procedural default. In order to prevail on a claim of ineffective assistance of counsel, petitioner must show that counsel's errors were so serious that counsel was not functioning as counsel guaranteed by the Sixth Amendment, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Wong v. Money*, 142 F.3d 313, 319 (6th Cir. 1998); *Bruner v. Perini*, 875 F.2d 531, 535 (6th Cir.), *cert. denied*, 493 U.S. 938, 110 S. Ct. 334 (1989) (citing *Strickland v. Washington*, 466 U.S. 668, 688-96, 104 S. Ct. 2052, 2065, 69, 80 L. Ed. 2d 647 (1984)).

There has been ineffective assistance of counsel where an attorney's performance is so deficient as to prejudice the defense and render the trial unfair and the result unreliable. *Wong*, 142 F.3d at 319; *Austin v. Bell*, 126 F.3d 843, 847 (6th Cir. 1997), *cert. denied*, 118 S. Ct. 1547 (1998). Even if a court determines that counsel's performance was outside the wide range of professionally competent assistance, a petitioner is not entitled to relief if counsel's error had no effect on the judgment. *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999). Rather, a petitioner must show that the probability that the outcome of the case would have been different but for counsel's unprofessional errors is sufficient to undermine confidence in the result. *Wong*, 142 F.3d at 319; *Austin*, 126 F.2d at 848. "The performance and prejudice components of the *Strickland* test are mixed questions of law and fact." *Austin*, 126 F.2d at 848.

The court's review of defense counsel's performance is highly deferential, and defense counsel is presumed to have rendered adequate assistance by exercising reasonable professional judgment and sound trial strategy. *Wong*, 142 F.3d at 319; *Austin*, 126 F.3d at 848. The petitioner must overcome the presumption that, under the circumstances, the challenged actions might be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999). Petitioner has not provided the court with any good reason why his counsel was responsible for petitioner's procedural default of the issues presented in the petition. Nevertheless, even if the court considered ineffective assistance of counsel as cause for petitioner's procedural default, petitioner cannot establish prejudice because each of his claims lack merit.

Petitioner makes the assertion that his trial counsel was ineffective for failing to subpoena the victim's past medical records, or to subpoena an expert doctor witness who could testify that the victim's bruises could have come from a source other than the petitioner. These asserted errors could not possibly rise to the level of ineffective assistance of counsel. Petitioner has not shown how the victim's past medical records could be relevant or admissible. Similarly, speculative expert testimony, even if admissible at trial, would likely not have lead the jury to a different conclusion. Petitioner also asserts that counsel should have filed a motion to suppress the stick petitioner used to beat his victim. Counsel objected to the admission of the stick into evidence, but the objection was denied. The victim testified that petitioner beat her on the buttocks with a board. Petitioner has not shown how an additional motion would have changed the trial court's decision on the admission of this evidence. Similarly, petitioner asserts that counsel should have challenged the jury venire because of the lack of African Americans in the jury pool. There exists no evidence to support this claim. Petitioner has failed to show that his trial counsel was ineffective.

Petitioner claims that there was insufficient evidence to convict him of extortion. A federal court sitting in habeas corpus review of a state criminal trial is to determine whether there was sufficient evidence of the essential elements of the crime to justify *any* rational trier of fact to find guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The evidence is to be considered in the light most favorable to the prosecution. *Id.* The trial court instructed the jury:

> The defendant is charged with the crime of extortion. To prove this charge, the prosecutor must prove each of the following elements beyond a reasonable doubt:
>
> First, the defendant threatened to injure Saundra Torns or that Defendant threatened to cause physical injuries; second, the defendant made this threat by saying it or by writing it down. A gesture alone is not enough; third, the defendant made the threat willfully and with an illegal intent; fourth, at the time he made the threat, the defendant intended to make the person threatened do something against the person's will.
>
> The crime of -- the crime of extortion requires proof of a specific intent. That means the prosecution must prove not only that the defendant did, but -- he did certain acts, but that he did the acts with the intent to cause a particular result. In this case, for the crime of extortion, he must prove that he intended to cause Saundra Torns to use -- call on the telephone against her will. Defendant's intent may be proved by what he said, how he said it, how he did it, or by any other facts and circumstances in evidence.
>
> A threat, for the purpose of extortion, is a written or spoken statement of an intent to injure another person or that person's property or family. A threat does not have to be stated in any particular words. It can be said in general or vague terms without saying exactly what kind of injury is being threatened. It can also be made by suggestion. However, a threat has to be definite enough to be understood by a person of ordinary intelligence as being a threat of injury.
>
> A person acts against her will if she only does the act to avoid injury to herself or a member of her immediate family or to avoid permanent disgrace. In other words, an act is against a person's will when the

> circumstances force her to make a choice and she has to choose the lesser of two evils.
>
> The crime of extortion is complete if the defendant made a threat and if, at the time, he intended to make the person threatened do something against the person's will. It does not matter whether the threat was successful or whether the person the defendant threatened became afraid. It also does not matter whether the person who was threatened actually did what the defendant wanted. The crime is complete when the threat is made, and it is not a defense that the defendant later gave up or abandoned his intent or that he never injured anyone. No act besides the threat itself is necessary.

Sufficient evidence was elicited at trial to show that petitioner committed the crime of extortion. The victim testified that she felt forced to make the telephone call to her friend Sam Riddle because petitioner said that he would kill her if she did not. The victim testified that she made the telephone call against her will. The evidence was sufficient to establish that petitioner committed the crime.

Petitioner argues that it was error for the court to admit into evidence the stick that he used to beat the victim. However, "such an inquiry . . . is no part of a federal court's habeas review of a state conviction." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). In *Estelle v. McGuire*, the Supreme Court addressed the issue of whether the admission of evidence in violation of California state law entitled a petitioner to habeas corpus relief.

> We have stated many times that "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S. Ct. 3092, 3102, 111 L. Ed. 2d 606 (1990); see also *Pulley v. Harris*, 465 U.S. 37, 41, 104 S. Ct. 871, 874-75, 79 L. Ed. 2d 29 (1984). Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241; *Rose v. Hodges*, 423 U.S. 19, 21, 96 S. Ct. 175, 177, 46 L. Ed. 2d 162 (1975) (per curiam).

*Estelle v. McGuire*, 502 U.S. at 67-8.

The appropriate inquiry is whether the allegedly improper admission of evidence violated the petitioner's constitutional rights. *Estelle v. McGuire*, 502 U.S. at 68. A federal court will grant habeas corpus relief only where a violation of the state's evidentiary rule results in the denial of fundamental fairness, and therefore, a violation of due process. *Brown, III v. O'Dea*, 187 F.3d 572, 578 (6th Cir. 1999) (citing *Cooper v. Sowders*, 837 F.2d 284, 287 (6th Cir. 1988)).

> "The standard in determining whether the admission of prejudicial evidence constitutes a denial of fundamental fairness is whether the evidence is 'material in the sense of a crucial, critical highly significant factor.'" *Leverett v. Spears*, 877 F.2d 921, 925 (11th Cir. 1989) (quoting *Redman v. Dugger*, 866 F.2d 387, 390 (11th Cir. 1989)).

*Brown, III v. O'Dea*, 187 F.3d at 578. Petitioner has failed to show that his rights were violated. Moreover, even if it was error to admit the stick into evidence, petitioner could not show prejudice. Testimony was presented that petitioner used a board to beat the victim.

Petitioner claims that the trial court committed errors in sentencing on the extortion conviction. Generally, errors in sentencing do not present a federal issue cognizable in habeas corpus proceedings. *See Johnson v. Arizona*, 462 F.2d 1352 (9th Cir. 1972); *Pringle v. Beto*, 424 F.2d 515 (5th Cir. 1970). To the extent that petitioner challenges the correctness of his sentence on the basis of state law, petitioner is not entitled to habeas review unless there has been a fundamental miscarriage of justice. *See Bagby v. Sowders*, 894 F.2d 792 (6th Cir.), *cert. denied*, 496 U.S. 929 (1990).

Furthermore, MCL § 750.213 provides for punishment of imprisonment for up to 20 years. Therefore, petitioner has not set forth a federal question because the sentence imposed was within the state statutory limit. *Haynes v. Butler*, 825 F.2d 921, 923-24 (5th Cir. 1987), *cert. denied*, 484 U.S. 1014 (1988).

> [A] state trial court's sentencing decision and claims arising out of the decision are not generally constitutionally cognizable, relief may be required where the petitioner is able to show that the sentence imposed exceeds or is outside the statutory limits, or is wholly unauthorized by law. *E.G.*, *Bozza v. United States*, 330 U.S. 160, 166, 67 S.Ct. 645, 648-49, 91 L.Ed. 8181 (1947); *United States v. Jackson*, 696 F.2d 320, 321 (5th Cir. 1983); *Willeford v. Estelle*, 538 F.2d 1194, 1196-97 (5th Cir. 1976). If the sentence is within the statutory limits, the petitioner must show that the sentencing decision was wholly devoid of discretion or amounted to an "arbitrary or capricious abuse of discretion," or that an error of law resulted in the improper exercise of the sentence's discretion and thereby deprived petitioner of his liberty.

*Id.* at 923-24.

Petitioner's sentence does not exceed the statutory limit nor has petitioner shown that the sentence amounted to an arbitrary and capricious abuse of discretion.

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of petitioner's claims under the *Slack* standard.

It is clear that petitioner procedurally defaulted his claims. Further, petitioner cannot show ineffective assistance of counsel, that there was insufficient evidence to convict him of extortion, or that a constitutional error occurred in admitting evidence or in sentencing. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley  
TIMOTHY P. GREELEY  
UNITED STATES MAGISTRATE JUDGE

Dated:  September 19, 2008